*E-filed 8/3/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICK M. REINHARDT,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY, SAN JOSE POLICE DEPARTMENT, SANTA CLARA COUNTY PUBLIC DEFENDER, SANTA CLARA COUNTY DISTRICT ATTORNEY, WILL MANION, ENRIQUE GARCIA, ROBERT MAYS, DOROTHY MOTSCHENBACHER, and DOES 1-50,<br><br>    Defendants. | Case No. C05-05143 HRL<br><br>**ORDER MODIFYING BRIEFING SCHEDULE AND REQUIRING FURTHER BRIEFING RE: MOTION TO DISMISS** |

The court wishes the plaintiff to specifically address these questions, in order, in his Oppositions to the Motions to Dismiss. To the extent they apply, the defendants shall, likewise, address them in their Replies.[1] The court is especially interested in citations to authority.

1) How should the court distinguish the prosecutor's "investigative" acts from "prosecutorial" acts? Is the plaintiff's arrest for an unrelated offense, admittedly based on probable cause, relevant to the distinction? Is the July 22 preliminary examination, at which the judge presumably found probable cause to believe that Reinhardt had killed Pete Bianco, relevant to the distinction?

---

[1] Of course, the parties may also advance other arguments in their papers.

2) *McMillian v. Monroe County*, 520 U.S. 781, 785-86 (1997) states that a court, when analyzing whether a policymaker speaks for the state or the county, should look to state law and the particular function of the official at issue. What does California law say about the particular functions[2] of the District Attorney's Office that led to the alleged violations?

3) Assuming that the City and County have the policies alleged in the complaint,[3] how did these policies deprive Reinhardt of specific constitutional rights? Authority?

4) Similarly, assuming that the police officers committed all of the acts and omissions alleged in the complaint, how did these deprive Reinhardt of specific constitutional rights? Authority?

5) To what extent did policies or practices of the Public Defender's Office deprive Reinhardt of his Sixth Amendment Rights? Authority?

6) Are the City defendants immunized from liability either by the actions of the district attorney or by the actions of the judge at the preliminary examination?

---

[2] In this case, the alleged provision of training to district attorneys regarding their investigatory role, the policies regarding the investigation of significant leads that point towards a defendant's innocence, and the practice of not releasing a suspect until another was in custody.

[3] The court has attempted to clarify the allegations in the amended complaint. The District Attorney's Office is alleged to have the following policies or practices: (1) failure to provide sufficient training to district attorneys regarding their investigatory role, (2) a practice or custom of failing to investigate significant leads that point towards a defendant's innocence, and (3) a practice of not releasing a suspect until another was in custody. The Public Defender's Officer is alleged to have the following policies or practices: (1) failure to adequately provide its attorneys with sufficient training regarding the preservation of a defendant's constitutional rights, (2) relying on the District Attorney's Office to obtain test results that could prove a defendant's innocence, and (3) discouraging defendants from going to trial. The City is alleged to have the following policies or practices: (1) failure to adequately provide officers with sufficient training regarding proper and thorough investigation techniques, and (2) a custom or practice of keeping a suspect in custody, despite evidence pointing to someone else, until the true suspect is arrested.

7) Who was plaintiff's jailer? Who was legally responsible for his detention over the course of the relevant timeline?

8) Under California Civil Code section 52.1, to what extent is coercive, but non-violent, speech and conduct actionable?

Questions regarding plaintiff's negligence claims follow. The court emphasizes that the relevant "duties" are those provided by California tort law, not federal constitutional law.

9) Does California law support the conclusion that the district attorney assigned to Bianco's murder had a duty to Reinhardt to investigate all reasonable leads and evidence, and/or a more general duty to act reasonably not to cause him undue harm? Citations?

10) Does California law support the conclusion that the public defender assigned to defend Reinhardt had a duty to him to investigate all reasonable leads and evidence, and/or a duty to reasonably prepare a defense of Reinhardt, and/or a more general duty to act reasonably not to cause him undue harm? Citations?

11) Does California law support the conclusion that the police officers had a duty to Reinhardt to investigate significant leads and exculpatory evidence that would have led to his freedom, and/or a duty to act after concluding that plaintiff was innocent and framed by Mays, and/or a duty to investigate the validity of a continued incarceration, and/or a more general duty to act with due care to avoid harm to Reinhardt? Citations?

3

1  12) Explain whether or not the police officers in this case have a "special relationship"
2  with and duty to plaintiff, as existed in *Martinez v. City of Los Angeles*, 141 F.3d 1373,
3  1380 (9th Cir. 1998).

5  13) To what extent are the district attorney's alleged acts and omissions protected by (a)
6  discretionary immunity pursuant to Cal. Gov. Code section 820.2 or (b) malicious
7  prosecution immunity pursuant to section 821.6?

9  14) To what extent are the public defender's alleged acts and omissions protected by (a)
10 discretionary immunity pursuant to Cal. Gov. Code section 820.2 or (b) malicious
11 prosecution immunity pursuant to section 821.6?

13 15) To what extent are the police officers' alleged acts and omissions protected by (a)
14 discretionary immunity pursuant to Cal. Gov. Code section 820.2 or (b) malicious
15 prosecution immunity pursuant to section 821.6 or (c) false arrest and false
16 imprisonment immunity pursuant to Cal. Pen. Code section 847?

18      The time for plaintiff to file his papers is extended from August 4 to August 11, 2006.
19 The time for defendants to file any reply is extended from August 18 to August 22, 2006.

21      **IT IS SO ORDERED.**

23 Dated: 8/3/06                               /s/ Howard R. Lloyd
24                                             HOWARD R. LLOYD
25                                             UNITED STATES MAGISTRATE JUDGE

THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:

Robert Baker Burchfiel CAO.Main@ci.sj.ca.us

David Michael Rollo david.rollo@cco.sccgov.org, anna.espiritu@cco.sccgov.org

Loren Bryan Vaccarezza lorenbvaccarezza@yahoo.com,

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

Dated:                /s/  JMM
                                Chambers of Magistrate Judge Howard R. Lloyd