NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RICK M. REINHARDT

    Plaintiff,

v.

SANTA CLARA COUNTY, et al.,

    Defendants.

No. C 05-05143 HRL

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

Rick Reinhardt sued under 42 U.S.C. § 1983 and state laws for damages resulting from his alleged "illegal and unconstitutional jailing." Defendants' motions for summary judgment came on for hearing October 23, 2007.[1] No appearance was made on behalf of Plaintiff at that time. A few days before the hearing, Plaintiff's counsel moved to withdraw. However, counsel had not filed oppositions to the summary judgment motions, nor had he sought any other relief from the court with respect to those motions. The summary judgment motions were taken under submission.

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that this matter may be heard and finally adjudicated by the undersigned.

The court then noticed and conducted a status conference on November 9. Both Plaintiff's attorney and Plaintiff himself were ordered to appear in person. Reinhardt's counsel appeared, but Reinhardt did not. A second hearing was held on November 20 to address the motion to withdraw as counsel and to determine Plaintiff's intentions with respect to continuing the case. The order noticing the hearing specifically told Reinhardt to appear personally and warned that failing to appear would be considered a factor in dismissing the case for failure to prosecute.[2] Despite this, Reinhardt did not attend. Plaintiff's counsel noted at the hearing that he had spoken with Reinhardt the week before, had read him the order and explained the consequences of failing to attend the hearing.[3]

A third and final warning to Plaintiff was then issued. Reinhardt was ordered to appear and show cause why his case should not be dismissed for failure to prosecute. That order stated in part, "**If Plaintiff does not appear at the hearing on December 18 or contact the court in advance, HIS CASE WILL BE DISMISSED.**" [Docket No. 87] (emphasis in original). Further, it provided a phone number, encouraging Plaintiff to contact the court if he would be unable to attend the hearing.

The show cause hearing was held on December 18. Reinhardt again failed to appear. The court was not contacted by Plaintiff concerning this absence. Additionally, the court asked the U.S. Federal Marshall Service to check incarceration databases before the hearing. The court was informed that the search revealed that no person by Plaintiff's name was being held by Santa Clara County or the State of California as of December 17, 2007.

---

[2] The order stated:

*Special notice to Rick M. Reinhardt*: You failed to appear as ordered for the hearing on November 9, 2007. You are warned that if you do not appear at the hearing on November 20 (or do not contact the court well in advance, if you are unable on that date), your failure will be a factor the court will consider with respect to dismissing your case for lack of prosecution. [Docket Nos. 85] (emphasis in original).

[3] The court conditionally granted the request to withdraw due to the assertions of counsel that a conflict had developed which prevented him from continued representation of Reinhardt. [Docket No. 87]. Leave to withdraw was conditioned on counsel continuing to receive papers related to this action and forwarding them to Plaintiff.

2

This court has authority to dismiss a plaintiff's action *sua sponte* due to failure to prosecute. *Link v. Wabash R. Co.,* 370 U.S. 626, 629-30 (1962). When considering dismissal for lack of prosecution, a district court must weigh:

> the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions.

*Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).

Here, Plaintiff has repeatedly failed to appear after being ordered to do so. He has been warned that failing to appear or communicate with the court would result in dismissal. Reinhardt was given many opportunities to comply with these orders, but chose not to respond. It is unfair to the Defendants, who have invested resources in conducting discovery and filing motions for summary judgment, to leave the case pending and unresolved indefinitely. Reinhardt's actions exhibit a disinterest in pursuing this case and judicial resources cannot continue to be wasted by permitting it to linger. Plaintiff has left the court with no appropriate alternative but to dismiss.

Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 1/2/08

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

THIS SHALL CERTIFY THAT NOTICE WILL BE SENT TO:


Robert Baker Burchfiel CAO.Main@ci.sj.ca.us

Kevin Hammon kevin.hammon@cco.sccgov.org

David Michael Rollo david.rollo@cco.sccgov.org, anna.espiritu@cco.sccgov.org

Loren Bryan Vaccarezza lorenbvaccarezza@yahoo.com


Rick Reinhardt
c/o 908 Margaret Court
Sunnyvale, CA 94086


\* Counsel are responsible for providing copies of this order to co-counsel.

Date: 1/2/08

                                  /s/ KRO
                 Chambers of Magistrate Judge Howard R. Lloyd